# In the United States District Court
# for the District of Utah, Central Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TIMMY BRENT OLSEN,<br><br>　　　　　Defendants. | Case No. 2:05cr703 JTG<br><br>**ORDER ON DEFENDANT'S MOTION TO SUPPRESS TESTIMONY AND DISMISS INDICTMENT** |

　　　　Defendant filed a Motion to Suppress Testimony or Dismiss Indictment, alleging that Defendant's Fifth and Sixth Amendment rights had been violated before and during the Grand Jury proceedings at which Defendant testified. The parties have not requested oral argument on this matter and have submitted the issue for decision. After due consideration, this Court denies Defendant's Motion to Suppress Testimony or Dismiss Indictment.

## ANALYSIS

　　　　Defendant identified three potential violations of his rights based on the facts as he saw them: 1) Defendant was not advised of his right to consult with a lawyer prior to testifying before the grand jury; 2) the government, having full knowledge that Mr. Michael Esplin represented Defendant, failed to notify Mr. Esplin of Defendant's being subpoenaed before the Grand Jury; and 3) on the day of the Grand Jury hearing, the government failed to advise Defendant of his right to consult with his attorney before testifying or his right to refuse to answer incriminating questions.

I.  **<u>Defendant was fully informed of his right to counsel prior to testifying before the grand jury.</u>**

The facts in this case illustrate that the government amply provided the Defendant with notice and the opportunity to consult with an attorney prior to testifying before the grand jury. In fact, in an interview held on February 16, 2005, Defendant was represented by counsel, Mr. Michael Esplin. Defendant was thus clearly aware of his right to consult with and be advised by an attorney, and had actually done so in that interview.

Furthermore, on April 26, 2005, Special Agent Michael Anderson (S.A. Anderson) of the FBI served Defendant with a grand jury subpoena. Attached to the grand jury subpoena were two forms: a letter from the federal prosecutor detailing the procedures of the grand jury hearing, and a form advising Defendant of his rights as a grand jury target. The letter informed Defendant that he was being called to testify as a witness before the Grand Jury. Additionally, the letter informed Defendant that:

> You are advised that you are a target of the Grand Jury's investigation and it is presently contemplated that a Grand Jury Indictment will be returned which will name you as a defendant relating to false statements to a federal officer in connection with the investigation into Kiplyn Davis' disappearance.
>
> You may refuse to answer any questions if a truthful answer to the question would tend to incriminate you. Anything that you do or say of an incriminating nature may be used against you by the Grand Jury in a subsequent legal proceeding. <u>If you have retained counsel, who presents you personally, the Grand Jury will permit you a reasonable opportunity to step outside the Grand jury room and confer with counsel if you desire.</u>

Gov. Opp. Memo, Att.1 (emphasis added).

The "Advice of Rights to Grand Jury Targets" attached to the letter further outlined Defendant's rights:

1. The Grand Jury is conducting an investigation of possible violations of Federal criminal law.
2. You are a target with respect to this investigation and it is presently contemplated that a grand jury indictment will be returned which will name you as a defendant.
3. You many refuse to answer any questions if a truthful answer to the question would tend to incriminate you.
4. Anything that you do say of an incriminating nature may be used against you by the Grand Jury or in a subsequent legal proceeding.
5. <u>If you desire to bring an attorney with you, the Grand Jury will permit you a reasonable opportunity to step outside the grand jury room to consult with counsel if you desire.</u>

Gov. Opp. Memo Att. 2 (emphasis added).

Finally, S.A. Anderson spoke with the Defendant regarding the Grand Jury proceedings when he served Defendant with the subpoena. S.A. Anderson told Defendant that "he could have an attorney present outside the Grand Jury room" but that "the attorney could not be present in the Grand Jury room during questioning." Olsen advised S.A. Anderson that he understood the information and had no further questions.

Rule 6 of the Federal Rules of Criminal Procedure governs the Grand Jury. Subsection d discusses who may be present while the Grand Jury is in session:

> The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device.

Fed. R. Crim. P. 6(d). Thus, as the rule plainly states, an attorney for the defendant is not allowed to be present during the Grand Jury proceedings. However, the defendant is often allowed to bring an attorney to the Grand Jury hearing and speak with counsel during breaks (although the Supreme Court has never required this procedure as a matter of right). Defendant was advised of this fact orally and in writing before appearing before the Grand Jury.

In this case, Defendant was advised of any and all of his potential rights before appearing before the Grand Jury, including his right to consult with an attorney. Accordingly, this Court rules that the Defendant's rights were not violated because he was fully informed of his right to counsel prior to testifying before the Grand Jury.

**II.    Mr. Esplin did not represent the Defendant at the time Defendant was subpoenaed and the government took all precautions necessary to verify that Mr. Esplin need not also be served with the subpoena.**

Mr. Esplin was present and acted as Defendant's counsel during the interview with Defendant and the government on February 16, 2005. At that time, Mr. Esplin informed the government that he had not been retained by Defendant and was only representing him for that particular interview. Before serving Defendant in April, the government contacted Mr. Esplin to verify whether or not he still represented Defendant and should be served with the subpoena. Esplin advised S.A. Anderson that he longer represented Defendant. Thus, the government did contact Mr. Esplin, Defendant's prior counsel, before serving Defendant. After hearing from Mr. Esplin that he no longer represented Defendant, there was no further need to involve Mr. Esplin in the proceedings. Accordingly, Defendant's Motion on this point is meritless.

**III.    Defendant was fully advised of his 5th Amendment right against self-incrimination and his right to an attorney during the grand jury proceedings.**

Finally, when Defendant appeared before the Grand Jury to testify, the government again fully advised him of his right to consult with an attorney during breaks and his right to invoke his 5th Amendment privilege against self-incrimination. The transcript of the proceedings provides the following conversation:

Q. As a target and as a witness before the grand jury you have the right to an attorney with you that would stay outside of the grand jury room. And as questions are put to you, if you had any questions or concern about the question being asked you, you would have the right to step outside of the grand jury room, confer with your attorney before you answer the question. That's a right that every witness before a grand jury has. Do you understand that?

A. I do.

Q. And also as a grand jury witness you as everyone else, if Mr. Esqueda or myself or any of the grand jurors were to ask you a question which you believed could or would have a tenancy to incriminate you in some crime, whether a state or federal rime, you have the absolute right under the Constitution to refuse to answer that question and say I refuse to answer that question because I believe that my answer could incriminate me, I stand on my Fifth Amendment as to that question. Do you understand that?

A. I do.

Q. So at any point in the hearing today, if you want to step out - - and I know your nor [mom] came with you; is that right?

A. That is.

Q. If you wanted to step out and talk to your mother, if you wanted to step out and - - I don't believe an attorney came with you, but if you wanted to step out and call an attorney, if you wanted to talk to your dad, anyone before you answer a question, you have a perfect right to do that. Do you understand that?

A. Yeah, I do.

By Answering "I do" to the above questions from the government, Defendant affirmatively indicated that he understood his rights. The Court finds that the government has again amply illustrated that Defendant was aware of his right to counsel and his 5th Amendment privilege against self-incrimination at the time of the Grand Jury hearing. Given that Defendant had previously been advised of these rights orally and in

5

writing, there is nothing in this case to indicate that Defendant was unaware of his rights before testifying. In this regard, defense counsel has indicated that he was under a misconception concerning most of the facts which are clearly set forth in the government's memorandum in opposition to the Defendant's Motion.

Based upon the foregoing, it is hereby:

**ORDERED**, that Defendant's Motion to Suppress Testimony and Dismiss Indictment is DENIED.

DATED this 28th day of April, 2006.

_____
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE