# In the United States District Court
# for the District of Utah, Central Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMMY BRENT OLSEN,<br><br>Defendants. | Case No. 2:05cr703 JTG<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO COMPEL ELECTION OF MULTIPLICITOUS COUNTS** |

Defendant filed a Motion to Dismiss or In the Alternative to Compel Election of Multiplicitous Counts relating to Counts Six, Seven, Eight and Nine. The government has responded and the Court heard oral argument on the matter on April 27th. After due consideration, this Court dismisses Count Eight of the Indictment because of its duplicitous with Count Six. Counts Six, Seven, and Nine are not duplicitious and this Court denies Defendant's Motion to Dismiss these Counts.

### DISPUTED COUNTS

Defendant has grouped his multiplicity objection into two categories. First, Counts Six, Seven, and Eight are grouped together because they all relate to Defendant committing perjury by denying that he either had or attempted to have noncensual sex with various women. The second group, count nine and count seven (again) are grouped together because they both relate to Defendant committing perjury by denying that he hit or assaulted various women. The two groups will be analyzed separately based upon the nature of each

count.

## ANALYSIS

"An indictment is multiplicitous when 'it charges a single offense in more than one count. Though not a fatal error for an indictment, multiplicity presents the danger of multiple sentences for one offense and the improper impression to the jury that the defendant committed more than one crime.'" *United States v. Cooper*, 283 F.Supp.2d 1215, 1234 (D.Kansas 2003) (quoting *United States v. Haddock*, 956 F.2d 1534, 1546 (10th Cir.1992)). "Several assignments of perjury may be joined in a single count of an indictment" where the assignments relate to the same transaction. 70 C.J.S. Perjury § 55 (West 2006). However, separate counts require separate and distinct false statements by the accused "relative to separate and distinct material matters." *Id*. "In order to decide whether one offense or separate offenses are charged, courts have applied the traditional test first established in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which requires a determination of whether each count requires proof of a fact that the other does not." *United States v. Gressett*, 773 F.Supp. 270, 280 (D.Kansas 1991). Thus, this Court's task is to determine whether counts six, seven, eight and nine require proof of a fact that the others do not.

**A.    COUNTS SIX, SEVEN, AND EIGHT RELATING TO NONCENSENUAL SEX.**

**Count Six:**

> Q. First of all, have you ever raped a woman?
> A. No.
> Q. By raped I mean forced a woman to have sex with you against her will?
> A. No.
> Q. You know what I mean though?
> A. Yeah.
> Q. You've never done that?

      A.      No, I have not.

April 28, 2005 Grand Jury Testimony, Page 78, Line 20-Page 79, Line 6.

      The facts the government intends to put on as evidence to prove that this was perjury are UP#4, who testified that defendant forced sexual intercourse upon her; UP#16, who testified that defendant forced sexual intercourse upon her; and UP#10, who testified that defendant admitted to him that Defendant raped Kiplyn Davis.

**Count VII:**

      Q.      Do you remember ever getting into any arguments with UP #4 about Kiplyn Davis's disappearance and what you knew about Kiplyn's disappearance?
      A.      No, I do not.
      Q.      Was there ever a time when you were discussing or she had brought up Kiplyn Davis when you got very angry at her and ended up hitting her in the stomach-
      A.      Absolutely not.
      Q.      -with your hand?
      A.      No.
      Q.      That never happened?
      A.      No.
      Q.      And after hitting her in the stomach threw her around a bit and then pusher her up against a wall?
      A.      I have never hit a girl in my entire life, no.
      Q.      This was at your house or at your parents' house when this occurred. You have no memory of that?
      A.      No.
      Q.      That never happened?
      A.      No, it did not.
      Q.      Did you thereafter take her in your truck up Spanish Fork Canyon and have sex with her in your truck against her will -
      A.      No.
      Q.      -up Spanish Fork Canyon? That never happened?
      A.      No, it did not.

April 28, 2005 Grand Jury Testimony, Page 80, Line 30 - Page 81, Line 31.

      The facts the government intends to establish to prove that this was perjury are UP

#4, who confirms the incident as described above, as well as UP #24 who will testify that defendant hit her. Although Count Seven involves allegations of sexual impropriety, it is clearly separate and distinct from Count Six and requires proof of different facts than Count Six. Count Seven involves a very specific encounter with a woman, and a specific fight Defendant had with UP#4 in which Kiplyn Davis's disappearance is discussed. Count Seven also involves a separate witness who can verify the authenticity of UP#4's claims. This encounter is clearly separate from any discussion of raping women in general. Count Six and Count Seven are thus sufficiently distinct from each other and Defendant's Motion to Dismiss these Counts as multiplicitous is accordingly denied.

**Count VIII:**
       Q.     Did you ever take U.P. #16 and have sex with her against her will?
       A.     No, I did not.

April 28, 2005 Grand Jury Testimony, Page 38, Lines 2-6.

The fact the government intends to put on as evidence to prove that this was perjury is the testimony of UP #16, who confirms that defendant forced sexual intercourse upon her. This fact is not separate or distinct from the testimony of UP #16 in Count Six. Because Count Eight appears to relate to the same allegations and the same perjury, this Court holds that Count Eight is multiplicitous and that Count Eight should be and is dismissed.

**B.     COUNTS SEVEN AND NINE RELATING TO ASSAULT.**

Count Seven, set forth above, involves an allegation that Defendant had an argument with UP #4, assaulted her, and eventually took her up Spanish Fork Canyon and raped her. Count Nine, on the other hand, involves an entirely different episode involving a different woman.

**Count Nine:**

> Q. Was there ever a time in Oak City Canyon where you tried to become sexually aggressive with a young woman in which she rebuffed you and you hit her over the head with a flashlight?
> A. No.
> Q. Did that ever happen?
> A. No, it did not. That is the most absurd thing I've ever heard in my entire life.
> Q. Whether it's in Oak City Canyon or anywhere that has never happened?
> A. No.
> Q. You have never ever hit a woman or a girl over the head with a flashlight?
> A. No. Like I said I've never hit a girl.

April 28, 2005 Grand Jury Testimony, Page 86, Lines 6-19.

The proof the government intends to provide as evidence that this is perjury is the testimony of UP #24, who confirms that Defendant hit her over the head with a flashlight in Oak City Canyon because she resisted his sexual advances and prevented the intended rape. Additionally, UP#27 was present and will confirm the assault. Finally, UP #4 confirms that Defendant struck her. The actual perjury involved in the counts Seven and Nine is much more specific and involves broader allegations than simply that Defendant has "never hit a girl." Count Nine involved a different UP, a different location, and additional support from another witness, UP #27, who was there during the encounter. Furthermore, Defendant did not actually rape UP #27. Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Dismiss Count Eight is GRANTED.

It is **FURTHER ORDERED**, that the Defendant's Motion to Dismiss Counts Six, Seven and Nine is DENIED.

DATED this 28th day of April, 2006.

_____
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE