# In the United States District Court
## for the District of Utah, Central Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>TIMMY BRENT OLSEN,<br><br>   Defendants. | Case No. 2:05cr703 JTG<br><br>**ORDER RE: DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM COUNT FOUR** |

   This matter has been thoroughly briefed by both counsel as well as argued to the Court and submitted for decision.

   After due consideration, this Court determines that the matter presents a jury question which much be submitted to the jury for determination. Accordingly, the Motion is DENIED.

   The following questions were asked of Defendant in his sworn testimony before the Grand Jury:

Q. How long before that Tuesday, May 2, 1995, that Kiplyn disappeared, when was the last time you had seen her?

A. Probably two or three months before she disappeared because I left school.

<u>April 28, 2005 Grand Jury Testimony, Page 65, Lines 13-16.</u>

Q. Mr. Olsen, this grand jury has heard from a number of sources that you told people that you were with Kiplyn Davis at high school the day she disappeared and you sluffed with her that afternoon.

A.     That's not true.
<u>April 28, 2005 Grand Jury Testimony, Page 130, Line 22-Page 131, Line 1.</u>

The second statement by the prosecutor to defendant is the matter at issue. Although the statement is not submitted as a question, the defendant answered unequivocally, "That's not true."

In context or in relationship to the first question which Defendant did answer, and to which no objection has been submitted, the Court is satisfied that the statement to which Defendant responded "That's not true" is deemed by the Court to constitute a question concerning whether Defendant had "told people" that he was with Kiplyn Davis on the day she disappeared and that they sluffed together on that afternoon.

However, the question may be "arguably ambiguous" and could have been understood to be an inquiry as to whether Defendant in fact was with Kiplyn on the date she disappeared, rather than an inquiry as to what he "told people." If the jury should decide that the question or answer presents an "arguably ambiguous" situation, the jury should consider the matter and respond as to whether it constituted perjury under either or both of the scenarios. This Court does not consider the statement (question) to which Defendant responded to be so "fundamentally ambiguous" or so fundamentally flawed as to be withdrawn from jury consideration altogether.

Based upon the foregoing, Defendant's Motion is hereby **DENIED**.

DATED this <u>1st</u> day of <u>May</u>, 2006.

_____
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE