# In the United States District Court
# for the District of Utah, Central Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>TIMMY BRENT OLSEN,<br><br>        Defendants. | Case No. 2:05cr703 JTG<br><br>**ORDER ON DEFENDANT'S MOTION TO SEVER COUNTS** |

      Defendant filed a Motion to Sever Counts pursuant to Federal Rule of Criminal Procedure 14(a).  The government filed a response and oral argument was heard on the matter on April 27th.  Defendant claims that counts six, eight, nine and ten were improperly joined because the offenses are not of the same or similar nature as the rest of the Counts.  Further, the Counts should be severed based on the inherently prejudicial nature of sexual conduct and hitting women and because the Defendant wishes to testify regarding these counts but not the remaining counts set forth in the Superseding Indictment as to which he would assert the Fifth Amendment.  Count Eight has been dismissed based on Defendant's Motion to Dismiss or In the Alternative to Compel Election of Duplicitous Counts.  Thus, this Court's analysis will center only around Counts six, nine and ten.

      Count Six charges Mr. Olsen with lying about whether he had nonconsensual sex with three women, one of whom is Kiplyn Davis.  Count Nine involves whether Mr. Olsen lied about hitting a girl over the head with a flashlight in Oak Creek Canyon.  Count Ten charges Mr.

Olsen with lying about whether he ever assaulted his wives.

**1.      Joinder under Rule 8(a)**

>Rule 8(a) states that:
>
>The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of a same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
>Fed. R. Crim. P. 8(a).

*United States v. Valentine*, 706 F.2d 282, 289-90 (quotations and citation omitted).

First, Defendant argues that the above three charges are not material to the grand jury investigation of the disappearance of Kiplyn Davis.  In this regard, the Supreme Court has firmly established that the issue of materiality in a perjury case should be left up to the jury.  *See United State v. Gaudin*, 515 U.S. 506.  Thus, Defendant's first argument fails.

Defendant next argues that these three charges are not of the same or similar character and do not constitute part of a common scheme or plan with the other Counts of the Indictment.  Essentially, Defendant believes that the remaining Counts in the indictment focus around the disappearance of Kiplyn Davis while Counts Six, Nine, and Ten center around allegations that Defendant has raped or assaulted other women who have no connection to the disappearance of Kiplyn Davis.  Defendant is wrong about Count Six.  Count Six involves allegations that Defendant lied when he said that he has never raped a woman.  One of those women is Kiplyn Davis, as to whom the government will introduce evidence that defendant did rape and commit violent acts toward her, including admissions that he killed her.  Thus, the charges are certainly similar in character to the remaining Counts and the Grand Jury

investigation regarding the fate of Kiplyn.  Count Six should not be severed for this reason.  Counts Nine and Ten also show a pattern of conduct concerning violence to women.  Thus it is apparent that these Counts were properly joined in the same Indictment with the other counts.

**2.      Severance Under Rule 14(a)**

Defendant's second argument is that the Counts should be severed because trying the Counts together with the rest of the Indictment would prejudice the Defendant.  Defendant notes the "inherently prejudicial" nature of counts six, nine and ten.  Defendant further claims in his Memorandum that he would like to take the stand to defend against the allegations of rape and assault lodged by various women, but is prevented from doing so because he would then be opening the door to cross-examination of the various other charges, to which he intends to refuse answers on the basis of the Fifth Amendment.

Rule 14(a) states that:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim P. 14(a).

The Tenth Circuit has noted that, "[t]he decision to grant a severance is within the sound discretion of the trial court and its decision will not ordinarily be reversed in the absence of a strong showing of prejudice." *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir.1991).  Accordingly, in *United States v. Martin*, 18 F.3d 1515, 1518 (10th Cir.1994), the court states that "[t]he defendant bears a heavy burden of showing real prejudice from [joinder]."

When a defendant alleges potential prejudice based on his wish to testify on some

3

counts but not others, the Tenth Circuit has long held to the following view:

> No need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.  In making such a showing, it is essential that the defendant present enough information - regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other - to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying.

*United States v. Valentine*, 706 F.2d 282, 291 (10th Cir.1983) (citation omitted).  This analysis was affirmed two decades later in *Martin*, 18 F.3d at 1519.  Therein, the court said, "no need for severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." *Id.*

No convincing showing has been made by Defendant that he has important testimony to give concerning the sexual counts, beyond his denials given to the Grand Jury. Further, his only showing as to a strong need to refrain from testifying on the remaining counts is his intention to assert Fifth Amendment protection, even though he did not assert that defense before the Grand Jury.

This Court has considered the potential prejudice to Defendant because of the Counts involving alleged perjury concerning his alleged violence and forced sex of a nonconsensual nature.  In this regard, the Court finds under Rule 14(a) of the Federal Rules of Criminal Procedure, as well as Rul 403 of the Federal Rules of Evidence, that the probative value of testimony which the government intends to present concerning the alleged falsity of defendant's denial  of alleged statements he has made to others relevant to the sexual and violent

counts, outweighs any prejudice to Defendant.

The Court observes that all incriminating evidence, whether sexual or otherwise, is prejudicial to a criminal Defendant. If that were not so there could be no criminal prosecutions. Such evidence is to be rejected, however, only when it constitutes such severe prejudice as to outweigh its probative value. In this case, the probative value clearly outweighs the potential prejudice. Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Sever Counts Six, Nine, and Ten is **DENIED**.

DATED this <u>1st</u> day of <u>May</u>, 2006.

_____
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE